UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NURY ASCANIO NAVARRO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-1377 |
| | § | |
| WARDEN, MONTGOMERY | § | |
| PROCESSING CENTER, *et al.* | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner Nury Ascanio Navarro filed this habeas petition under 28 U.S.C. § 2241 and challenged her mandatory detention under 8 U.S.C. § 1225 without a bond hearing (Dkt. 1). At the time she filed her petition in this court, her appeal from an immigration judge's removal order was pending before the Board of Immigration Appeals (BIA). This Court entered an order to answer (Dkt. 7) and enjoined her removal from the Southern District of Texas until these habeas proceedings are completed.

The respondents filed a motion to dissolve the injunction and present evidence that the BIA dismissed the petitioner's appeal on April 23, 2026 (Dkt. 11; *see* Dkt. 11-1). The petitioner responded (Dkt. 13), and the respondents replied (Dkt. 14). In addition, the petitioner filed (1) notice that she filed a petition for judicial review of the BIA's decision, and an emergency motion for a stay of removal, in the Fifth Circuit Court of Appeals (Dkt. 10), and (2) an emergency motion for release on bond (Dkt. 15).

The BIA's dismissal renders the petitioner's removal order final. *See* 8 C.F.R. § 1241.1(a). Although the petitioner filed a petition for review and a motion for a stay in

the Fifth Circuit Court of Appeals, her filings do not stay her removal unless the appellate court so orders.  8 U.S.C. § 1252(b)(3)(B).  Moreover, the respondents present evidence that Fifth Circuit denied her motion for a stay on May 21, 2026 (Dkt. 14-1).

Because the petitioner is subject to a final order of removal, she is no longer detained under 8 U.S.C. § 1225, and her claims for relief are moot.  The Court thus has no constitutional authority to resolve the petition.  *See Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013); *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990).  Although the petitioner strenuously argues against her removal from the United States, this Court has no jurisdiction to review the final order of removal.  *See* 8 U.S.C. § 1252(a)(5); *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011); *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007).

Therefore, the Court **ORDERS** as follows:

1.     This habeas action is **DISMISSED as moot**.

2.     The respondents' motion to dissolve the injunction against removal (Dkt. 11) is **GRANTED**.

3.     All other pending motions are **DENIED as moot**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ August 12 _____, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE